HIRAM K. LANDRU *vs.* OVE N. LUND.

June 15, 1888.

Negligence — Cellar-Way in Street — Liability of Owner and Occupant.—The owner and occupant of premises, who maintains a private passage-way opening into his cellar or basement, within the limits of a public street, and which, through his wrongful acts or negligence, has become unsafe and dangerous to persons travelling on the street, is liable to an action for injuries occasioned thereby. That the law also imposes a liability upon the municipal corporation having charge of the streets does not relieve him from his liability.

Plaintiff brought this action in the district court for Yellow Medicine county, for injuries sustained by falling, in the night-time, into an open cellar-way in a sidewalk on the main street of the town of Canby in front of a building owned and occupied by defendant. A demurrer to the complaint was overruled by *John H. Brown*, J., and the defendant appealed.

*Lind & Hagberg*, for appellant.

*Forbes & Davidson*, for respondent.

VANDERBURGH, J. The complaint states a cause of action, and is sufficient upon demurrer. It sufficiently appears thereby that the accident complained of is attributable to defendant's neglect. Conceding that the private passage-way into the defendant's cellar, and which was used by him, and under his control, was within the limits of the street, and that the duty of keeping the street in repair and safe for travel rested on the village, yet the defendant would also be liable for his own tortious or negligent acts in maintaining the same in an unsafe condition, so as to be dangerous to persons travelling on the street, and using due care. Suit may be brought against both or either in such cases. *Davenport* v. *Ruckman*, 37 N. Y. 568, 574; *City of Boston* v. *Worthington*, 10 Gray, 496; *Burt* v. *City of Boston*, 122 Mass. 223; *Calder* v. *Smalley*, 66 Iowa, 219, (23 N. W. Rep. 638.)

Order affirmed.