## VIVIAN A. WILLIAMS AND ANOTHER v. JOHN A. STEES COMPANY, INC. AND ANOTHER.[1]

June 24, 1927.

Nos. 26,052, 26,053.

**Question for jury whether abutting owner was negligent.**
1. The evidence made it a jury question whether the disrepair in a sidewalk which caused a pedestrian's fall and injury was created by the abutting owner's negligent use of his premises.

**Plaintiff not negligent as matter of law.**
2. The contributory negligence of the injured person did not appear as a matter of law.

**Exclusion of testimony proper.**
3. No reversible error occurred in the exclusion of testimony.

**When abutting owner may be liable for negligent use of his property.**
4. While an owner of property abutting a public street is not charged with the duty of keeping the sidewalk in a safe condition for travel, still he may be held liable for an injury received by a pedestrian from a defect therein caused by the owner's negligent conduct in the use of his own premises.

Municipal Corporations, 43 C. J. p. 1104 n. 28, 32; p. 1105 n. 33; p. 1250 n. 52; p. 1253 n. 91; p. 1290 n. 23, 27; p. 1293 n. 48.

[1]Reported in 214 N. W. 671.

See note in 41 A. L. R. 212; 13 R. C. L. 321; 3 R. C. L. Supp. 42; 4 R. C. L. Supp. 809; 5 R. C. L. Supp. 695; 6 R. C. L. Supp. 760.

Defendants appealed from orders of the district court for Ramsey county, Bechhoefer, J., denying their alternative motions for judgment or a new trial in two cases.   Affirmed.

*Harold Harris,* for appellant John A. Stees Company.

*Arthur A. Stewart* and *Reece J. McGee,* attorneys for the city, appeared but assigned no errors and filed no brief.

*Charles F. Ebert,* for respondents.

Holt, J.

A joint and several appeal by defendants from orders denying motions for judgment non obstante or a new trial in two cases tried together.

Vivian A. Williams fell on the sidewalk on the west side of Jackson street, a few feet south of the south line of Fourteenth street, in the city of St. Paul, and received certain injuries.   She sued the city and the owner of the property fronting the sidewalk, John A. Stees Company, claiming that the brick sidewalk was by the city permitted to remain in a broken and uneven condition from the time in 1920 when John A. Stees Company razed the building on its property, and that the latter in so doing removed the material supporting the sidewalk so that it sagged and sank partly into the basement, thereby raising some of the bricks in the sidewalk several inches above the rest of the surface thus forming a dangerous obstruction to pedestrians using said walk, and causing said Vivian A. Williams' fall and injury.   Charles C. Williams is the husband of Vivian and sued to recover the damages resulting to him from his wife's injuries.   Each recovered a verdict.   Although the city joins in the appeal, no brief was presented or errors assigned by it; and the city attorney, on the oral argument of the appeal, appeared and frankly stated that the city has no ground upon which to attack the orders appealed from.   John A. Stees Company is therefore the only defendant interested and will hereinafter be referred to as appellant.

Appellant does not challenge the amount of the verdict, nor does it claim that the evidence does not show the sidewalk to have been in great disrepair, or that such defect did not cause Mrs. Williams' fall. Aside from questioning certain rulings, the charge and the refusal to charge, as hereinafter noted, the main contention of appellant is that the evidence fails to prove any actionable negligence for which it is responsible, hence it should have judgments notwithstanding the verdicts.

True, the city and not the abutting property owner is charged with the duty of maintaining sidewalks in reasonably safe condition for pedestrians. But the proof here tends to show that in razing its building appellant needlessly disturbed the surface of the brick sidewalk, in that the wall of the deep basement was partly demolished, thereby removing the support for the adjacent sidewalk and allowing it to sag unevenly so that some of the brick thereof projected above the rest of the surface. This presented a question of negligence for the jury. We fail to see any distinction between the facts upon which the finding of negligence was predicated against the owner of property abutting a public street in Kimball v. City of St. Paul, 128 Minn. 95, 150 N. W. 379, and the facts here proved as a basis for the verdicts against appellant. So appellant is not entitled to judgments non obstante, on the ground that there is no proof of its negligence.

Nor do we think it is so entitled because of plaintiff Vivian's contributory negligence. In the direction she was walking there was a considerable down grade. The brick which the jury could find caused her to trip stuck up almost two inches above the adjoining surface of the walk. A person thus passing and stubbing the toe against such an obstruction is apt to receive a hard fall. But since this accident happened in broad daylight and at a place theretofore frequently traversed by Vivian it is contended that contributory negligence appears as a matter of law. To this we cannot assent. It was for the jury to say whether in failing to see the obstruction, or to remember one previously observed, she was guilty of negligence. Bowen v. City of St. Paul, 152 Minn. 123, 188 N. W. 544, and cases therein cited.

Error is assigned upon the rejection of the witness Pedersen's testimony as to the flow of surface water at the locality in question. However, when the questions were so put that the answers would relate to the time subsequent to the razing of the building and call for what the witness had actually observed, the testimony was received. We see no reversible error in this respect.

The same witness had made a couple of blueprints of the lot line and curb line of the locus in quo in 1909 and 1918. These were offered in evidence and on objection excluded. It is apparent from the testimony of Pedersen that the blueprints could throw no light upon the disputed issues. It does not appear for what purpose or from what data the blueprints were made.

Complaint is also made of the striking of the testimony of a change in the street grade in front of this property in 1891. This was nearly thirty years prior to the razing of the building and the inception of the negligence which caused the disrupture of the sidewalk. So long as the building remained and the foundation wall next to the sidewalk was intact, there was no fault to find with the abutting owner. It was the shape in which the foundation wall was left when the building was razed that created the dangerous condition in the sidewalk.

The appellant requested this instruction:

"The sole control and supervision of the sidewalks in the city, including the sidewalk in question, is vested in the city of St. Paul, and * * * an abutting property owner is under no obligation whatever to keep the sidewalks abutting on his premises in safe condition for travel or general public use."

The court substantially gave the instruction requested so far as defining the duty of the city, but as to appellant the court charged:

"It is the law that if the owner of land abutting on a sidewalk negligently maintains his property by doing or omitting to do that which in the exercise of reasonable diligence the owner ought to do and that thereby, as a direct and proximate result, a dangerous condition is created and travel upon the sidewalk is rendered un-

safe for those lawfully thereon, then there is a liability if injury results through this negligent act or omission of the property owner."

If the instruction given states the law correctly, then it was not error to refuse the one requested or the others of similar purport proffered and refused. Appellant relies on the doctrine of Gilmore v. Driscoll, 122 Mass. 199, 23 Am. R. 312, to the effect that "one who digs a pit on land so that, by operation of natural and ordinary causes, which he takes no precaution to guard against, the land of another falls into the pit, is liable to an action by the latter for the injury to his land in its natural condition, but not for injuries to buildings or improvements thereon, * * * without proof of actual negligence," the argument being that if appellant took away the lateral support it is not liable for the disturbance and the disrepair thereby caused the sidewalk. It is to be noted that the rule stated in the Gilmore case and there applied to the damages recoverable by an owner of land for withdrawal of the lateral support by an adjoining owner was not based on negligence. That case, as well as Hartshorn v. Tobin, 244 Mass. 334, 138 N. E. 805, indicates that one may negligently do work upon his own land so as to disturb the situation on his neighbor's for which liability may be incurred. But the rule of lateral support is between adjoining property owners, and the damages resulting from its violation is not applicable to the facts here present. In the decisions cited there was no attempt to state liability for a negligent removal of lateral support which created a dangerous condition upon contiguous premises over which the public had a right to pass, and one so passing was injured because of the dangerous condition. For another reason the lateral support rule in all its phases is inapplicable here. Appellant owned not only to the lot line but to the center of the street, subject to the public easement. An abutting property owner who for his convenience or otherwise changes conditions in the street or sidewalk may make himself liable to persons injured if his negligence caused such changes to become dangerous. City of Wabasha v. Southworth,

54 Minn. 79, 55 N. W. 818. And one who negligently by omission or commission creates a danger to a traveler on a public street may be liable for the consequence regardless of whether or not he owns or occupies the abutting property. See Waters v. Pioneer F. Co. 52 Minn. 474, 55 N. W. 52, 38 A. S. R. 564; Ray v. Jones & Adams Co. 92 Minn. 101, 99 N. W. 782; Clarke v. Philadelphia & Read. C. & I. Co. 92 Minn. 418, 100 N. W. 231.

The orders are affirmed.