SULLIVAN, Respondent, vs. BAKER, Appellant.

*January 10—February 5, 1935.*

308

For the appellant there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh* and *Mr. Fred W. Armstrong* of Madison.

For the respondent there was a brief by *Sullivan & Taugher* of Milwaukee, and oral argument by *John J. Sullivan.*

FAIRCHILD, J.   The first question presented is whether paragraph 1 of the complaint, setting forth the first cause of action, sufficiently alleges a contract between appellant and respondent, whereby respondent was to assume managerial duties in the cafeteria and appellant personally was to pay her salary.   For the purposes of this assignment, we do not deem it necessary to discuss, consider, or express any opinion, (1) upon the question whether the fact that in a verified complaint the allegations in one count or paragraph are in point of fact inconsistent with those in another paragraph, renders the complaint subject to demurrer; (2) whether this court should take notice of the fact that in previous actions arising out of this same transaction or based upon it, respondent under oath alleged the contract, not with appellant personally, but with the state, and that there should be some sort of estoppel by record under the doctrine of *Kaehler v. Dobberpuhl,* 60 Wis. 256, 18 N. W. 841; or (3) whether the doctrine of *Butler v. Mitchell,* 15 Wis. *355, to the effect that a

public agent does not create a contract liability against himself when he is acting as a public agent for the advancement of the public interest, has any application here. We assume, for the purpose of disposing of this assignment, that appellant could, if he desired, enter personal contractual relations with respondent, even though the subject-matter of the contract related to her duties in a public position. The question, then, is what the complaint, fairly construed, sufficiently charges. In *McCurdy v. Rogers*, 21 Wis. *197, this court stated that, in order to charge a public agent on contract, it would be necessary to show : First, that the credit was given to him, and, second, that the contract contained apt words to charge him. So far as the case relates to pleadings, it means that there must be a clear averment of a contract obligating such a public agent personally to pay respondent. This makes necessary an analysis of the allegations set forth in paragraph 1.

It is alleged that appellant, at all the times referred to in the complaint, was president of the Milwaukee Normal School, and that respondent, during these times, was an instructor in this school. The complaint recites the predicament created by the fact of a growing deficit in the cafeteria, one of the state-supported activities of this school, and the fact that appellant asked respondent to manage the cafeteria temporarily. The complaint alleges that some later time respondent, learning that appellant proposed to continue her cafeteria services indefinitely, requested pay for these services, and "defendant promised to pay plaintiff and stated to plaintiff that she would receive her first check after Christmas of 1926;" that, when respondent again requested her pay, appellant said he was short of money, but always promised respondent she would be paid. The complaint concludes with a statement as to the reasonable value of respondent's services and the demand for judgment against appellant.

It requires only a casual study of the complaint to discover the equivocal character of these obligations. "Defendant

promised to pay plaintiff." Does this mean personally or does it mean officially? "That she would receive her first check after Christmas." Does this mean a check from appellant or an additional check from the public treasury? "Always promised plaintiff she would be paid." Does this mean by appellant personally or from the public treasury? It is urged on behalf of respondent that the complaint should receive a liberal construction, and certainly this is the general and elementary rule in construing complaints. However, the rule requiring a liberal construction is not the only rule with which this court has to deal. The complaint should be given a fair construction. In construing it, the court should consider the very strong presumption, heretofore referred to, that,. when a public agent or officer engages a person to perform services for the general public, the intention is to contract on behalf of the general public and not to assume any personal liability. A contract of such a character, if it is to result in personal liability by the agent to another, should at least contain unmistakable language fixing this liability. So at the outset we have the president of the normal school engaging respondent to do an extra public service on behalf of this school, in which he had no interest except such interest as arose from his personal sense of responsibility for a proper functioning of his institution. We have language that is equivocal as to his promise and as to the source of payments. Is it fair to conclude that the pleader either meant to or has effectively charged a personal contract? When it is also considered that in the second paragraph the absolutely inconsistent factual allegation is made that appellant, with full knowledge that he lacked authority to do so, represented to respondent that he was duly authorized to employ her as cafeteria manager, and did so employ her in excess of his authority on behalf of the board of regents, our misgivings as to the propriety of construing paragraph 1 to allege an intended personal contract are measurably increased, for, if such was the intention of the pleader, she has under oath set forth two inconsistent and

repugnant allegations of fact, and it should not lightly be assumed that this was the pleader's intention. Nor should this be lightly assumed, in view of the allegations of respondent in previous trials of this same cause. This conclusion makes inapplicable to the present case that of *American Wrecking Co. v. McManus,* 174 Wis. 300, 181 N. W. 235, 183 N. W. 250. It is pretty clear that the *McManus Case* does not support respondent's position. In that case the court distinguished *McCurdy v. Rogers, supra,* stating that the rule there set forth as applicable to the relation of principal and agent, applies where the agent attempts to bind his principal by contract upon a subject concerning which he has some semblance of authority to contract, but, where he exceeds the scope of his authority, fails to bind his principal, in this case the public. It was held under such circumstances there must have been an express intention to bind the agent personally and that none would be implied. The court held that a different rule applied where the sheriff found it necessary to secure assistance to execute the commands of the writ, and where there was no provision of law giving him the least semblance of authority to bind the public in such respects. It was held that, if such services are employed for his convenience, or to enable him to properly discharge his official duties so as to save him from official responsibility, it was then his individual matter, and he is to be treated as acting as principal and not as agent for the public.

The argument of respondent runs about like this: Appellant had no semblance of authority to hire a cafeteria manager. His motive and purpose in appointing respondent was to avoid official censure because of the large and growing deficit in the cafeteria; that he proposed to do this by hiring respondent, and that, in the absence of any authority so to engage her, he is, as a matter of law, acting as principal and not as a public agent. Respondent's argument is ingenious, but on closer examination unsound. It is beyond question that

the president of a normal school is under no duty to hire a cafeteria manager. In the *McManus Case* the sheriff, however, is charged with replevying property in a proper situation. The law does not authorize the sheriff to charge the public for any assistance necessary to perform these duties. The appellant in this case, however, had no such duty to perform. Respondent's contention would tend to destroy the distinction set up by the court in the *McManus Case,* and the doctrine of *Butler v. Mitchell, supra,* since it would create an implied liability in virtually every case of an absence of authority to contract.

These conclusions make it unnecessary to discuss the further question whether there is in this cause of action a sufficient allegation of consideration or whether, as may quite easily be contended, there is not merely a description of appellant's motives.

The second cause of action is based upon an allegation that the appellant falsely, by his conduct and action, represented that he was duly authorized by the board of regents to hire respondent as cafeteria manager. The facts from which a plaintiff's primary right and the defendant's corresponding duty arise must appear in the statement of the cause of action together with the facts showing a wrong by defendant. In considering the sufficiency of the allegations of a complaint, the presumptions of law that surround a transaction must be taken into consideration and given their due weight. Where, under the rules applicable, the facts stated show that the plaintiff cannot recover, no cause of action has been stated. The facts disclosed in this cause of action are that respondent had been hired as an instructor by the board of regents; that she knew that the cafeteria was an enterprise conducted in connection with the school in which both herself and the appellant held positions; that such authority as the appellant had was fixed by law; that he did not sustain a personal liability toward the cafeteria; that the position of manager of the

cafeteria was under the civil service laws; and that the appointment to that position could be made only under the provisions of that law. Both parties, under the circumstances, were charged with knowledge of these facts, and, as representations made to one who knows them to be false cannot be relied upon by him, no cause of action is stated. *Ad. Dernehl & Sons Co. v. Detert,* 186 Wis. 113, 202 N. W. 207; *Graff v. Tinkham,* 202 Wis. 141, 231 N. W. 593; *Prime Mfg. Co. v. Allen-Hough C. Co.* 210 Wis. 72, 245 N. W. 70.

The proposition that an agent acting in excess of his authority is personally liable to an injured third party for his deceit does not affect this cause of action under the facts alleged. If there was an attempt on the part of the appellant to misrepresent his authority under the law, respondent knew or is charged with the knowledge of it, had no right to rely upon such representation, and could not have been deceived or misled by it. The facts alleged and the accompanying rules of law to be applied in relation to the liability of the appellant and the knowledge on the part of respondent of his position and authority, disclose a situation out of which no cause of action can arise in favor of respondent. It amounts to this: The parties talked over the matter of management of the cafeteria with a view of re-establishing it on a sound financial basis. Whether respondent was willing to perform gratis the extra work required of her in connection with the management is not a controlling element. The arrangement left the matter of compensation open and undetermined. The reduction in funds available to the institution, caused by forces over which neither respondent nor appellant had control, interrupted a plan and disappointed the hopes of respondent without creating any liability on the part of appellant. This leaves the respondent without grounds for recovery.

The third cause of action is controlled in a considerable measure by the same rules and considerations which apply to the second cause of action. It is for breach of implied war-

ranty of authority, and here, as in the second cause of action, respondent is fully advised of the situation. For five and one-half years she continues under an arrangement receiving pay each month, a portion of which comes from the cafeteria fund and the other from the regular teachers' fund, without any appeal to the board of regents, whom she knew had authority to adjust matters if there existed any claim in her favor. The statement of the situation excludes any ground for charging that the appellant, by his acts, either sought to create the impression that he had control of matters or that any representation that he did have such authority was made. Her information of all the surrounding circumstances is pre-. sumed to be, and is, so binding and effective, that under this cause of action she is not entitled to recover.

We are of the opinion that the court below properly sustained the demurrer to the fourth cause of action. In the effort to prevent the evasion of civil service laws, no person employed contrary to the provisions of secs. 16.01 to 16.30, Stats., is entitled to be paid out of the usual funds alloted to such position. In the event that such an evasion of the law has occurred, the appointing official is required to pay the compensation agreed upon under such appointment, or, in case no compensation is agreed upon, the actual value of such services and any expenses incurred in connection therewith. This constitutes a cause of action against such officer or officers. Secs. 16.01 to 16.30, Stats. The case at bar does not come within the sections cited. No appointing officer having the power to appoint attempted to make an appointment to the position for which respondent asks compensation.

*By the Court.*—That part of the order of the circuit court overruling the demurrers to the first, second, and third causes of action is reversed, that part sustaining the demurrer to the fourth cause of action is affirmed, and cause remanded for further proceedings according to law.