MICHAEL KOORENY v. DAMPIER-BAIRD MORTUARY, INC. AND ANOTHER.[1]

April 19, 1940.

No. 32,220.

*William W. Fink,* for appellant.

*Orr, Stark & Kidder* and *Ralph T. Lilly,* for respondent.

[1]Reported in 291 N. W. 611.

JULIUS J. OLSON, JUSTICE.

In this, a personal injury action, the jury found for the individual defendant, Lyman S. Baird. The corporate defendant was discharged from liability by a peremptory instruction. Plaintiff's motion for a new trial was denied, and he appeals.

Mr. Baird became the owner of the involved property, known as 288 West Kellogg Boulevard in St. Paul, in 1931. Over a period of years the mortuary was operated by him in the name of his wholly owned codefendant, which "stopped doing business as a corporation" on December 31, 1936, and was dissolved in 1937, when Mr. Baird personally assumed "all of the liabilities thereof, including all of the claims of every nature against said corporation."

Upon these premises there is a "space lying between the building line and the west sidewalk line [which] is paved for the entire width of the building and meets the sidewalk of the City of St. Paul at even grade. That at and during all of the times herein mentioned, there was a wall erected and maintained by the defendants, commencing at the southwest corner of the mortuary building and thence easterly and parallel to the south wall of said building to the sidewalk of the city * * *."

The bases upon which the charge of negligence rests are that, "in erecting and maintaining an obstructing wall upon and near the sidewalk so low in height" it might cause pedestrians to trip and fall over it; that immediately on the other (owner's) side of the wall there is a "drop off from two to eight feet" so that a person tripping or falling over the wall would be likely to receive injury; that "defendants knew, or in the exercise of ordinary care should have known, that a dangerous place to walk was thus created"; that "in failing and neglecting to erect a fence upon the wall" it was likely to bring about a situation where a pedestrian might be precipitated over it and onto the lower ground beyond, thereby exposing one to injury.

During the trial it developed that the dedicated street was 66 feet in width but as actually built, used, and occupied, including

the sidewalks on both sides, was only 60 feet. The width of the public sidewalk adjoining the premises is 10.3 feet. There is a vacant lot next to defendants' premises and lying between it and a building known as the Healy Plumbing & Heating Company, east of the vacant lot. This building also extends to this sidewalk and marks the limit of the street as laid out and used by the public over a period of more than 30 years. Plaintiff had passed on this sidewalk in front of defendants' building many times before the retaining wall was built but only two or three times after its construction prior to the happening of the accident.

Plaintiff is 43 years of age. He became totally blind while a mere child of three or four years. Apparently he gradually became capable of walking alone without the help of anyone, using a stick or cane as a means of safety to guide his course. While so walking he fell over the retaining wall causing a fracture of his left wrist. The court instructed the jury as follows:

"It is the law that if the owner of land abutting upon a sidewalk negligently maintains his property by doing or omitting to do that which in the exercise. of reasonable diligence the owner ought to do, and that thereby as a direct and proximate result a dangerous condition is created for travel upon the sidewalk, and the sidewalk is rendered unsafe for those lawfully traveling thereon, then there is a liability if injury results through this negligent omission or act of the property owner."

Plaintiff finds no fault with this part of the instruction but does object to the following:

"The mere presence of holes upon this wall has nothing to do with the case and should not be regarded as evidence [of negligence] by you.

"And the fact that the sidewalk and the retaining wall are two and a half feet out into the dedicated portion of the street or highway has nothing whatever to do with this case, and shall not be taken into consideration by you in arriving at your verdict."

1. With regard to the first claimed objectionable part, plaintiff says that it was his "intention * * * to infer that these holes were placed upon the wall for the purpose of containing pipes as support for a railing to be placed upon the top of this wall." The holes to which counsel refers obviously did not *per se* present a link in the chain of causation any more than would as many holes in his trousers' pocket. Plaintiff did not fall because of the holes but rather and only because he tripped and fell over the wall. See 24 Minn. L. Rev. 666, 669, notes 10, 11, and 12.

2. The next alleged objectionable portion goes, so plaintiff claims, to "the very heart of our lawsuit," his claim being that if the offending wall was within the dedicated portion of the street defendant had thereby imposed, within a prohibited area, an obstruction likely to cause harm.

It is well to bear in mind that the landowner's fee extends to the center of the street or highway, subject only to the public easement, and he may make use of his property "for a purpose compatible with the free use by the public." See 3 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 4182 to 4188, and cases cited under notes. The sidewalk here involved was wholly within the occupied and appropriated area taken by the public for its appropriate use. Everything lying back of it until appropriated by the public belonged to the lot owner.

"The sidewalk and the remainder of the street are equally for public use,—the rights of the public are the same in each. The rights, as far as the centre of the street, of the owner of an abutting lot are the same in each. That one is reserved for passers on foot, and the other is for the use of vehicles, is only a regulation of the public use for the public good, the *public authorities determining how much shall be reserved for sidewalk.*" (Italics supplied.) Noonan v. City of Stillwater, 33 Minn. 198, 200, 22 N. W. 444, 445, 53 Am. R. 23. See Burke v. O'Neil, 192 Minn. 492, 494, 257 N. W. 81; Abar v. Ramsey Motor Service, Inc. 195 Minn. 597, 599, 263 N. W. 917, and cases there cited.

In any view one may take it is apparent that the court instructed the jury in as favorable a light as plaintiff could reasonably expect.

There are other assignments of error, but these are found not prejudicial to plaintiff, hence the order is affirmed.

Affirmed.