JOSEPHINE SAND v. CITY OF LITTLE FALLS AND OTHERS.
ROBERT ANTHONY RANDALL AND ANOTHER,
APPELLANTS.[1]

July 3, 1952.

No. 35,713.

*Scott, Burke & Scott,* for appellants.
*Gordon Rosenmeier,* for respondent Josephine Sand.
*Charles A. Fortier,* for respondent City of Little Falls.

FRANK T. GALLAGHER, JUSTICE.

This case arises out of an action for damages for injuries received by plaintiff in a fall on a public sidewalk in the city of Little Falls about ten o'clock in the evening of October 15, 1950. Plaintiff joined as defendants the city of Little Falls and Robert Anthony Randall and Marie Schmid Randall, his wife, owners of the property adjacent to the sidewalk. The evidence shows that plaintiff tripped and fell over a ridge in the sidewalk. Testimony was presented to show that the ridge had been formed by a section of the

[1]Reported in 55 N. W. (2d) 49.

sidewalk which had been raised by the force of the roots of a tree growing on the Randall lot about 18 to 24 inches from the walk. According to the testimony of Phil Randall (father of Robert Randall), who purchased the property involved in 1904, the tree, then small, was upon the premises when he bought it. It was also there two or three years afterward, when Phil Randall put in the present cement sidewalk at the request of the city. It was still there when Robert acquired the property from his father in September 1946. Robert admitted that for a period of about two years prior to the accident he knew of the existence of the ridge in the sidewalk and that the section of the sidewalk was gradually rising.

The trial court directed a verdict against both the city and the Randalls, and only the question of damages was submitted to the jury. The Randalls appealed from the judgment. The city did not join in the appeal, but submitted a brief opposing the Randall appeal.

In their assignments of error, the Randalls contend that the judgment against them is contrary to law and that the court erred in denying their motion for a directed verdict and in directing a verdict against them.

The only legal issue which we deem it necessary to consider for determination of this case is whether the owners of property abutting upon a public sidewalk are responsible for a defect in the walk not created by them, but which resulted from the roots of a tree located on their premises adjacent to the sidewalk.

It is well established that the duty of keeping a sidewalk in a reasonably safe condition for travel is placed upon the city and not upon abutting property owners or occupants. Shepstedt v. Hayes, 221 Minn. 74, 21 N. W. (2d) 199; Bentson v. Berde's Food Center, Inc. 231 Minn. 451, 44 N. W. (2d) 481, 22 A. L. R. (2d) 733, and cases cited. It is claimed here, however, that the Randalls were negligent in failing to stop the gradual rise in the sidewalk, which they had known about for at least two years. With this contention we cannot agree, since it was still the duty of the city to keep the sidewalk in a reasonably safe condition. If we were to hold the

Randalls liable under such circumstances, it would shift the duty of maintaining the sidewalk from the city to the property owner. It appears to us that the only way the Randalls could have removed the hazard would have been to repair the sidewalk, which was the duty of the city. If during the time the Randalls were aware of the gradual rise in the sidewalk they had chopped and removed the roots from the tree on their property adjacent to the sidewalk, there is still no reason to believe that the sidewalk would have settled into a safe, level condition again, and it would still have been the duty of the city to keep the walk in a reasonably safe condition. To hold otherwise would be to attempt to hold the property owner liable for failure to repair the sidewalk, which, under the cases cited above, he had no duty to do.

While the question of the liability of adjacent property owners in a situation like the instant one has not been previously determined by this court, it seems to us that the facts in the instant case are quite similar to those considered by the New Jersey court in Rose v. Slough, 92 N. J. L. 233, 104 A. 194, L. R. A. 1918F, 813, cited by the Randalls and defendant city, where the court reversed a judgment for plaintiffs and directed that judgment be entered for defendant. There, plaintiff stumbled over a sidewalk ridge created by a bulge in composition paving blocks. It appeared that the roots of a shade tree growing on the sidewalk along the front of defendant's property caused this bulge. The New Jersey court, in discussing Weller v. McCormick, 47 N. J. L. 397, 1 A. 516, 54 Am. R. 175, which is cited here by the city, stated that the distinguishing feature of that case was the undisputed fact that the falling of a decayed limb of a tree upon the plaintiff caused the injury, while in the Rose case it was not claimed that the roots of the tree were the proximate cause of the injury to plaintiff. The court there said that there was ample testimony that the pavement of the sidewalk was made uneven by the spreading of the roots of the tree underneath and that the paving blocks were kicked out of position by some of the public using the sidewalk. Therefore, the court stated, it was the defective condition of the sidewalk, partly

caused by the roots of the tree and the use made of the sidewalk by the public in general, which was made the basis of defendant's liability. It reiterated that there was no legal duty resting upon defendant to keep the sidewalk in repair, and said that it would seem, therefore, that the causes which operated to put the sidewalk in a defective condition were inconsequential unless it was established that defendant, by some act of her own, contributed to such defective condition. The court then said (92 N. J. L. 238, 104 A. 196) :

"The defendant was, therefore, in a similar position to that of an owner of premises, whose sidewalk becomes defective because of buckling in extreme hot weather, or becomes depressed by heavy rains, or becomes out of repairs by reason of any other action of the elements, or by the destructive acts of pedestrians, and permits such sidewalk to remain in that condition. There being no legal duty cast upon the owner to repair, there can be no recovery for an injury sustained, by reason of such defective sidewalk, arising from a failure to repair. In the present case, the growing and spreading of the roots, which caused the sidewalk to become uneven, were nature's work and over which the defendant had no control and concerning which she owed no duty."

Upon a later hearing in Weller v. McCormick, 52 N. J. L. 470, 19 A. 1101, 8 L. R. A. 798, it was stated that in the absence of any statutory or municipal regulations to the contrary a tree planted by a private person on a sidewalk of the street in front of his premises belonged to and was under the control of the owner and occupant of the abutting property. Under such circumstances, it was held that the owner and occupant of the property was bound to use reasonable care to prevent the tree from becoming dangerous to travelers upon the street and that every person specially injured through the breach of that obligation was entitled to a private action against the party in fault for the damages arising therefrom. We do not consider that case in point.

The Randalls and defendant city also cite City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885. That was a case where a pedestrian brought an action against the city and a lot owner for injuries sustained in a fall on a sidewalk with elevations caused by the roots of a tree growing between the curb and the sidewalk. While the city was not exonerated in that case, the property owner was held not liable, since it was determined that the tree was not planted by the lot owner but by promoters of an addition to the city as part of a beautification program. It was the court's position that the elevation in the sidewalk did not exist because of any breach of duty by the lot owner to the public using the sidewalk. Counsel for defendant city here argues in his brief that both the Rose and Birmingham cases accept the fact that the law in Weller v. McCormick, *supra*, which applied to the falling branch of a tree, is equally applicable to the raising of a sidewalk by tree roots. With this we cannot agree. Rather, it appears to us that a clear distinction was made, especially in the Rose case, between the liability arising out of the falling of a decayed limb of a tree and that caused by the roots of a tree protruding under a sidewalk, as in the instant case.

It is our opinion that cases cited by plaintiff as controlling fall short of establishing the liability of the Randalls under the facts in this case. In Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671, the abutting landowner was held liable on the showing that he had needlessly disturbed the surface of the brick sidewalk by removing the support for the sidewalk and allowing it to sag unevenly, so that some of the brick projected above the rest of the surface. That case establishes the principle that an adjoining landowner has a duty not to act so as to create hazards in public sidewalks. In Shepstedt v. Hayes, 221 Minn. 74, 21 N. W. (2d) 199, the landowner was held liable for failure to maintain a patch of cement which had been built on the sidewalk for the convenience of the adjacent building. The principle established in that case is that the landowner has a duty to maintain his alterations in a reasonably safe condition. It will be noted, however, that in each

of those cases the abutting landowner, by his own actions, had done something in connection with his own property which changed the condition of the sidewalk. On the same principle, adjoining landowners have been held liable for injuries caused by negligence in maintaining in a dangerous and defective condition such facilities as coalholes, vaults, and passageways erected on the sidewalk for the convenience of a building. Landru v. Lund, 38 Minn. 538, 38 N. W. 699; Ray v. Jones & Adams Co. 92 Minn. 101, 99 N. W. 782; Latell v. Cunningham, 122 Minn. 144, 142 N. W. 141; Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671; City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818; Mix v. Downing, 176 Minn. 156, 222 N. W. 913. Cf. Kooreny v. Dampier-Baird Mortuary, Inc. 207 Minn. 367, 291 N. W. 611; Freeman v. City of Minneapolis, 219 Minn. 202, 17 N. W. (2d) 364. The use put to the sidewalk for the benefit of the landowner gives rise to the duty to see that the use imposes no unreasonable risk to the public use of the sidewalk. Ray v. Jones & Adams Co. *supra*. The landowners in this case were not making use of the sidewalk in the same manner as the owners in those cases.

We do not consider Brown v. Milwaukee Terminal Ry. Co. 199 Wis. 575, 227 N. W. 385, as controlling here. That case involved a decayed tree which remained in that condition for such a length of time before the injury to plaintiff that it created a nuisance. The court there said that the defendant should have discovered the condition and removed the tree before the accident happened. Here, there was no duty on the part of the Randalls to remove the tree or the roots in order to correct the condition of the sidewalk. The duty of keeping the sidewalk in a reasonably safe condition was upon the city.

It appears to us that the instant case is comparable to a situation where the sidewalk became dangerous because of natural erosion of the laterally supporting soil. In connection with the duty of a city to keep its sidewalks in reasonably safe condition, it is incumbent upon it to recognize the natural elements which

affect sidewalk construction and to maintain its sidewalks in safe condition against the operation of such elements.

The remaining basis upon which to predicate liability of the abutting property owner is that of nuisance. Plaintiff argues that the judgment may be affirmed on the theory that the Randalls committed a public nuisance by allowing the ridge to remain in the sidewalk. M. S. A. 616.01 defines a public nuisance as follows:

"A public nuisance is a crime * * * and consists in unlawfully doing an act or *omitting to perform a duty,* which act or omission shall:

\* \* \* \* \*

"(3) Unlawfully interfere with, obstruct, or tend to obstruct or render dangerous for passage, a * * * street, * * · *." (Italics supplied.)

It cannot be said here that the Randalls performed any affirmative act by merely permitting the roots of the tree to grow, as a result of which the sidewalk became hazardous. What happened by the continual growth of the roots was a natural occurrence, as contrasted with overt acts on the part of the landowners. In view of the fact that it is our opinion that the ridge in the sidewalk came about through natural causes in connection with the growth of the roots of the tree, which, under the circumstances here, the Randalls were under no duty to correct, no nuisance was committed by them.

Reversed with directions to enter judgment for defendants Randall.