MILLER (Elva), Respondent, vs. WELWORTH THEATRES of WISCONSIN, Appellant.

*February 9—March 6, 1956.*

For the appellant there was a brief by *Lees & Bunge* and *James C. McKenzie,* and oral argument by *Mr. McKenzie* and by *Mr. John S. Coleman,* all of La Crosse.

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

FAIRCHILD, C. J. The complaint of respondent, Elva Miller, alleges that the sidewalk was a place of employment, and the cause of action depends upon the presence of essential facts. Those facts, from which a plaintiff's primary right and a defendant's corresponding duty arise must appear in the statement of facts, together with the facts showing a wrong by defendant. In considering the sufficiency of the allegations

of a complaint, the presumptions of law that surround an event must be taken into consideration and given due weight. When, under the rules applicable, the facts stated show that the plaintiff cannot recover, no cause of action has been stated. *Sullivan v. Baker,* 217 Wis. 306, 258 N. W. 617.

A demurrer, of course, admits all facts well pleaded in the complaint to which it is interposed, but it does not admit mere propositions of law which may be set forth therein. *State ex rel. Veeder v. Collins,* 5 Wis. 339. The rule is stated in *Northwestern Mut. Life Ins. Co. v. State,* 173 Wis. 119, 125, 180 N. W. 138, as follows:

"A demurrer to a complaint admits all the facts therein well pleaded, but it does not admit erroneous conclusions drawn from such facts by the pleader even though the conclusions bear the semblance of statements of fact." See also *Olsen v. Ortell,* 264 Wis. 468, 59 N. W. (2d) 473.

The allegations in the respondent's complaint do no more than claim that, because a patron of the theater must stand on the public sidewalk adjacent to said building in order to purchase an admission ticket and because it is then necessary for said purchaser to walk approximately 10 feet to the north on said public sidewalk to reach the entrance of said theater, the result is that the sidewalk becomes a part of the theater's place of business, and the owner is required "to construct and maintain said area in a condition safe for use by the plaintiff." The conclusion rests on a nonexisting duty. The complaint is demurrable because it does not state facts sufficient to constitute a cause of action. The effort to make it appear that the described area is a place of employment may be prompted by a wish, but it cannot rise above a conclusion on the pleader's part. The public sidewalk described cannot be translated into an employer's place of employment, because the responsibility of maintaining the sidewalk is not that of defendant; the care and maintenance clearly rests upon the municipality. Sec. 62.17, Stats. It must be recognized

that in a state where there is no obligation on the abutting landowner to keep the sidewalk in front of his premises in repair or in a safe condition for public travel, in the absence of a statute or ordinance imposing such duty upon him a defect in the sidewalk not caused by him cannot be charged against him. We find in the case of *Daly v. Mathews,* 49 Cal. App. (2d) 545, 548, 122 Pac. (2d) 81, the following cases cited to this point: *Eustace v. Jahns,* 38 Cal. 3; *Martinovich v. Wooley,* 128 Cal. 141, 60 Pac. 760; *Bolles v. Hilton & Paley, Inc.,* 119 Cal. App. 126, 6 Pac. (2d) 335.

There is no claim that the defendant caused any defect, if one existed, and because of sec. 81.17, Stats., the allegation with respect to responsibility of defendant is wholly unsupported. The essential elements of a business and place of employment on a public street are not present. One of the basic elements, that of control over the area by defendant, is completely lacking. The municipality is responsible for the maintenance and repair of the sidewalk. We hold that the fact that in entering a store or place of business, in stopping to admire an attractive display in a show window, a patron approaches or stands on a public sidewalk does not make that pathway a part of the merchant's place of business or place of employment.

As there is no such obligation on the abutting owner to keep the public sidewalk in front of his store in repair or in safe condition, in the absence of a statute or ordinance imposing such a duty upon him, the demurrer to the complaint should have been sustained. The facts alleged being inherently insufficient to create or constitute a right in favor of the respondent and against the appellant based on a duty owed by the appellant, the order overruling the demurrer must be reversed.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.