JULIA C. SCHREPPLER and GEORGE B. SCHREPPLER, SR., Plaintiffs, v. MAYOR AND COUNCIL OF THE TOWN OF MIDDLETOWN and IOLA M. DAVIDSON, Defendants.

(*October* 7, 1959.)

STIFTEL, J., sitting.

*Edmund D. Lyons* (of Morris, James, Hitchens and Williams) for plaintiffs.

*William Prickett* (of Prickett and Prickett) for the Mayor and Council of Middletown.

*Harold Shaffer* (of Keil and Keil) and *Bruce M. Stargatt* (of Morford, Young and Conaway) for defendant Iola M. Davidson.

Superior Court for New Castle County, No. 1164, Civil Action, 1958.

STIFTEL, J.:

Julia C. Schreppler was injured when she tripped and fell on a sidewalk in the town of Middletown, Delaware, one afternoon in October, 1957. She explains that the fall was due to sidewalk unevenness caused by roots of a tree located at the curbline which were growing beneath the pavement and raising the sidewalk. Mrs. Schreppler filed a complaint purporting to state a joint and several cause of action against the town of Middletown, and Iola M. Davidson, the owner of the abutting real estate and the land on which the tree and sidewalk are located. In a second cause of action, her husband seeks special damages. The cause of action against the town of Middletown is not involved in this motion.

The tree in question had been on the property when Mrs. Davidson and her husband purchased it as tenants by the entireties during March, 1940, and she became the sole owner of the fee after the death of her husband. She has not attempted to maintain and repair the sidewalk during her ownership.

The only issue for determination is whether the owner of the property on which the tree and public walk are located is responsible for the ridge or unevenness of the sidewalk not created by her, but which came about through natural causes in connection with the growth of the roots of the tree.

In *Massey v. Worth*, 9 *W. W. Harr.* 211, 197 *A.* 673, this Court decided that a property owner has no obligation to the general public to clear sidewalks adjoining his premises of natural accumulations of ice and snow. In the process of arriving at its decision, the Court quoted from 3 *Cooley on Torts*, 4th Ed., Sec. 452, which stated the rule to be that in the absence of statute, an owner or occupant of abutting real estate is not liable to pedestrians injured as a result of defects in a sidewalk, which defects were not caused by the owner or occupant. This rule appears to be in accordance with the rule that is generally accepted in this country. See, for example, *Schaefer v. Lenahan*, 63 *Cal. App.* 2d 324, 146 *P.* 2d 929; *Reibel v. Woolworth*, 301 *Ky.* 76, 190 *S. W.* 2d 866, 867; *Allen v. Weiss*, 279 *App. Div.* 91, 108 *N. Y. S.* 2d 404, 409.

■ Plaintiffs apparently attempt to show the inapplicability of this rule where the fee in the sidewalk is owned by the abutting property owner. There is no denial by plaintiffs that the sidewalk in question was constantly used by the public. In fact, they admit the existence of an easement in favor of the public for the use of the sidewalk. The rule remains applicable for the reason that the law does not make ownership of the fee the basis for responsibility of the abutting property owner for the defect in the sidewalk. *Cf. Rhodes v. Perlis*, 83 *Ga. App.* 312, 63 *S. E.* 2d 457, 458; and *Massey v. Worth, supra*, 197 *A.* at page 675.

■ The record contains no evidence which demonstrates a special situation which would impose a duty upon the owner of the abutting land to maintain and repair the walk. In any event, the incorporated town of Middletown has assumed the super-

vision, management and control of the sidewalks in the town.[1] 50 *Laws of Del.*, Chapter 493, p. 1134. See *Gilmore v. Commissioners of Rehoboth*, 8 *W. W. Harr.* 124, 189 *A.* 284, 287.

Plaintiffs next contend that the tree in question constituted a nuisance when it was permitted to grow in such a fashion as to cause a dangerous condition in the sidewalk. The only authority cited for this contention is *Perkins v. Weibel*, 132 *Conn.* 50, 42 *A.* 2d 360, where a tenant was held liable to a pedestrian who fell on a public sidewalk, which had become saturated with grease which had seeped from the building of the abutting owner. This case is not in point. The danger was created and caused by the tenant.

In this case, the growing and spreading of the roots which caused the sidewalk to become uneven were Nature's work concerning which defendant had no duty. *Sand v. City of Little Falls*, 237 *Minn.* 233, 55 *N. W.* 2d 49, at page 52; *Winston v. Hansell*, 160 *Cal. App.* 2d 570, 325 *P.* 2d 569; *Rose v. Slough*, 92 *N. J. L.* 233, 104 *A.* 194, *L. R. A.* 1918F, 813. This record therefore shows the existence of no nuisance for which the owner is responsible. *See Massey v. Worth, supra*, 197 *A.* at page 675.

For the reasons given, the defendant-landowner's motion for summary judgment is granted.

---

[1]50 *Laws of Del.*, Chapter 493, p. 1134, reads, in part, as follows:

"Section 10. The streets, sidewalks, lanes, alleys, pavements, curbs, gutters, light, power, and water, in the Town of Middletown shall be under the supervision, management and control of the Council."

No liability for personal injury caused by sidewalk defects is placed on the owner of the abutting property by statute, charter or ordinance. See, *Seward v. Mayor and Council of Wilmington*, 2 *Marv.* 189, 42 *A.* 451, where an attempt to place the liability on the owner failed on a technicality.