HEI, Plaintiff, v. CITY OF DURAND, Defendant and Appellant: PEPIN COUNTY, Interpleaded Defendant and Respondent.

*November 27—December 20, 1963.*

For the appellant there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

For the respondent there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *Gerald L. MacKenzie.*

DIETERICH, J. The sole question presented by this appeal is whether an abutting property owner is liable for injuries resulting from the dangerous condition of a sidewalk

which was caused by the natural growth of the roots of a tree located on his property.

The applicable statutes are secs. 81.15 and 81.17.[1]

The case was submitted to the court on stipulated facts. The stipulation provided that at all times material to the action the county was in control and occupancy of the property abutting the sidewalk; that the county owned and maintained a large shade tree immediately adjacent to the sidewalk; that for some time prior to April 2, 1960, the roots of the tree extended under the sidewalk causing a portion of it to heave, and resulting in an irregularity in the surface of the sidewalk; that both the county and city knew or should have known of the condition created by the tree; and that the injuries to the plaintiff, Grace Hei, were proximately caused by the irregularity in the sidewalk.

The trial court stated in a memorandum opinion that the city has a statutory duty to maintain and repair sidewalks located within its boundaries, but that there is no such duty imposed upon the county. The court noted that in the instant action the injury resulted because the sidewalk was defective, and that removal of the tree and its roots would not have repaired the sidewalk or caused it to settle into a safer condition.

---

[1] Sec. 81.15. "DAMAGES CAUSED BY HIGHWAY DEFECTS; LIABILITY OF TOWN AND COUNTY. If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village, . . ."

Sec. 81.17. "HIGHWAY DEFECTS; LIABILITY OF WRONGDOER; PROCEDURE. Whenever damages happen to any person or property by reason of any defect in any highway or other public ground, or from any other cause for which any town, city, village or county would be liable, and such damages are caused by, or arise from, the wrong, default or negligence thereof and of any person, or private corporation, such person or private corporation shall be primarily liable therefor; . . ."

The appellant city argues first that the county, by owning and maintaining a tree on its property so close to a sidewalk as to cause an upheaval, created a dangerous condition which constituted a nuisance under sec. 81.17, Stats. In support of its argument, the city cites several cases wherein an abutting property owner was held liable where damages resulted to another from the owner's maintenance of a nuisance on his property. *Brown v. Milwaukee Terminal R. Co.* (1929), 199 Wis. 575, 589, 224 N. W. 748, 227 N. W. 385, was an action for damages allegedly caused when a dead tree which stood in front of the defendant's premises fell upon the plaintiff. This court affirmed a judgment of the trial court in favor of the plaintiff and stated that:

". . . [shade] trees, properly placed, do not constitute nuisances. But when such a tree, through decay or because of any change in the structure of the tree or in its surroundings, becomes a menace to the safety of those who travel the street, such tree may became a nuisance which will render the owner of the adjoining lot liable for injuries which may be caused to those who lawfully use the streets."

In the recent case of *Plesko v. Allied Investment Co.* (1961), 12 Wis. (2d) 168, 174, 107 N. W. (2d) 201, this court stated that the *Brown* decision should continue to apply unless the property owner is excluded by law or ordinance from removing the tree. Pepin county was not so excluded in the instant action.

The trial court stated in its memorandum opinion that cases such as *Brown* and *Plesko, supra,* which impose liability upon a property owner because of falling tree limbs, are distinguishable from the instant action for the reason that in such cases the question of keeping a street or highway in repair is not involved, and the matter is wholly within the control of the property owner. We agree with the trial court's conclusions on this point. There was nothing prevent-

ing the city from going underneath the sidewalk and removing the tree roots. Even if the county had removed the roots there is nothing in the record to indicate that the sidewalk would then have settled into a level position.

While there are no Wisconsin cases directly in point, the Minnesota supreme court passed upon the identical question in *Sand v. Little Falls* (1952), 237 Minn. 233, 55 N. W. (2d) 49. In that case the plaintiff fell on a public sidewalk adjacent to property owned by one Randall. The defect in the sidewalk was caused by the growth of the roots of a tree located on the Randall property. The trial court directed a verdict against both the city and the property owner, and the property owner appealed. The Minnesota supreme court reversed, stating that (p. 238) :

"In connection with the duty of a city to keep its sidewalks in reasonably safe condition, it is incumbent upon it to recognize the natural elements which affect sidewalk construction and to maintain its sidewalks in safe condition against the operation of such elements."

It was also held that the property owner was not guilty of maintaining a nuisance (p. 239) :

"What happened by the continual growth of the roots was a natural occurrence, as contrasted with overt acts on the part of the landowners. In view of the fact that it is our opinion that the ridge in the sidewalk came about through natural causes in connection with the growth of the roots of the tree, which, under the circumstances here, the Randalls were under no duty to correct, no nuisance was committed by them."

Sec. 81.17, Stats., provides that if any person is damaged by reason of any defect in any highway for which the city would be liable, and the damages arise by reason of the "wrong, default or negligence" of any person or private corporation, the primary responsibility shall rest upon such

person or corporation. The statute does not attempt to place any duty on the property owner to repair the sidewalk, and this court has expressly stated that under sec. 66.615 the city bears the responsibility for care and maintenance of sidewalks. *Miller v. Welworth Theatres* (1956), 272 Wis. 355, 359, 75 N. W. (2d) 286.[2]

The county was clearly not a wrongdoer; nor was it negligent or in default within the meaning of sec. 81.17, Stats. A "wrong" as contemplated by the statute means a breach or violation of a duty or the doing of injury to another. The word "default" as contained in the statute implies a failure to perform a legal duty or failure to do a required act; and "negligence" implies either an overt act or a failure to perform a required act or duty. In the instant action the defect in the sidewalk arose as a result of the natural growth of a tree, rather than from any overt act, or failure to act, on the part of the county. Under the statutes, the city has the duty of maintaining public sidewalks, and abutting property owners cannot be subjected to liability for defects existing in a sidewalk over which they have no control. *Miller v. Welworth Theatres, supra,* page 359; *Steeno v. Wolff* (1961), 14 Wis. (2d) 68, 72, 73, 109 N. W. (2d) 452.

We determine that Pepin county, as the owner of property adjacent to the sidewalk, is not liable for defects in the sidewalk arising from the natural growth of the roots of the tree located on the county's property.

*By the Court.*—Judgment affirmed.

WILKIE, J. (*dissenting*). I can see no reason for not giving effect to the rationale of *Plesko v. Allied Investment*

---

[2] At the time the *Miller Case* was decided sec. 66.615, Stats., was in the chapter on cities (sec. 62.17, Stats. 1955), whereas it now appears in the chapter dealing with municipal law. Sec. 62.17, Stats. 1955, is identical to sec. 66.615, Stats. 1961.

*Co.*[1] and *Brown v. Milwaukee Terminal R. Co.*[2] wherein we held that a property owner, who knew or should have known that a decayed tree on his property represented a threat to passersby on the street, maintained a nuisance and was liable for injury caused by such nuisance. A falling decayed tree is as "natural" a phenomenon as a sidewalk raised by tree roots. That the city has a responsibility to maintain the streets does not relieve the property owner of responsibility for maintaining a risk-creating nuisance.

---

[1] (1961), 12 Wis. (2d) 168, 107 N. W. (2d) 201.
[2] (1929), 199 Wis. 575, 224 N. W. 748.