[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case, Wanda Coyle, claims that on October 30, 1989, she fell on a public sidewalk in Waterbury. She further claims, in her amended complaint, that the sidewalk was defective "[i]n that there was a large tree root protruding through the sidewalk, resulting in a large gap in the sidewalk surface." She has sued the City of Waterbury and Olsado and Maria Machado, the owners of the abutting property. As to the Machados (who are the only defendants involved here), the complaint claims both "a breach of statutory duty," relying on Waterbury Code Secs. 19-6 3122, and nuisance. The Machados have now filed a motion for summary judgment. Each side has filed appropriate affidavits, exhibits, and photographs. While cases of this description are often inappropriate for summary judgment, the plaintiff conceded at oral argument that there is here no genuine issue as to any material fact. Because the Machados are entitled to judgment as a matter of law, their motion for summary judgment must be granted. P.B. Sec. 384.
It appears from the affidavits and other exhibits that the Machados jointly own property located at 55 Luke Street in Waterbury. Their property is adjacent to a public sidewalk, and it is on this sidewalk that the plaintiff fell. The defective condition of the sidewalk which caused the fall was due to a tree root which had upheaved the sidewalk. The root was from a tree growing on the Machados property. A series of photographs appended by the plaintiff to her affidavit shows a large tree, a portion of the trunk of which protrudes beyond the Machados fence. The tree has several roots which extend virtually the entire width of the sidewalk and which have created a large crater and many additional cracks in the walkway. The plaintiff testified at her deposition that she has lived two houses away, at 61 Luke Street, since 1954. The tree is a large oak and has been there for many years. The Machados bought the property "[m]aybe eight years ago." None of these facts are controverted for purposes of the motion for summary judgment.
The "statutory" count of the complaint against the Machados rests not on any act of the Connecticut legislature but on two Waterbury city ordinances. Waterbury Code Sec. 19-6 provides, in relevant part, that "No person shall obstruct any street or sidewalk in any manner." Sec. 3122 provides, in relevant part, that, "Whenever any person shall cause any defect in, or place, or CT Page 10117 cause to be placed, any obstruction on, any of the streets of the city, such person shall be held to answer any claim for damages which may be against city therefor." These ordinances impose liability only upon property owners who have committed affirmative acts causing defects. As such, they are consistent with the common law of this state. This body of law, however, does not benefit the plaintiff in this case.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. City of New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). An abutting landowner is, at the same time, under a duty to avoid affirmative acts which "render the walk unsafe for public travel." Hanlon v. City of Waterbury, 108 Conn. 197,200, 142 A. 681 (1928). An abutting landowner "is liable in damages for a nuisance maintained by him upon it." Perkins v. Weibel, 132 Conn. 50, 52, 42 A.2d 360 (1945).
Thus, if an abutting landowner allows gasoline to spill from a pump on his property onto the sidewalk, Hanlon v. City of Waterbury, supra, or allows grease to seep from his restaurant onto the sidewalk, Perkins v. Weibel, supra, he is liable in damages to a pedestrian who slips and falls as a result of the nuisance. These cases plainly involve some affirmative act on the part of the landowner. Przwgocki v. Wikris, 130 Conn. 419,34 A.2d 879 (1943), relied upon by the plaintiff here, is not in point, for that case involved a nuisance (an upright iron pipe) imbedded in a portion of the sidewalk inside the landowner's property line. Id. at 420. Liability is imposed upon landowners for a wide range of nuisances on property that they actually own and control. But the liability imposed on abutting landowners is much more limited. That liability is limited to cases of affirmative acts.
Is the growth of a root from a tree planted on land abutting the sidewalk an affirmative act of the landowner? However this question might be answered by some mystical eastern religions, the answer of the law of Connecticut is no. The growth of the tree, root and all, is an act of nature over which the landowner has no control. Of course, the landowner may have a responsibility to prune the tree's branches if they become a nuisance, but to give the landowner the responsibility of maintaining and repairing a sidewalk broken by a tree root is to give him the very responsibility which the law has squarely and exclusively placed upon the municipality. Wall v. Village of Tallulah, 385 So.2d 905,909 (La.App. ), cert. denied, 393 So.2d 737 (La. 1980); Orjuela v. City of New York, 87 App.Div.2d 645, 448 N.Y.S.2d 738,739 (1982). As the Supreme Court of Minnesota has observed, CT Page 10118
 [T]he instant case is comparable to a situation where the sidewalk became dangerous because of natural erosion of the laterally supporting soil. In connection with the duty of a city to keep its sidewalks in reasonably safe condition, it is incumbent upon it to recognize the natural elements which affect sidewalk construction and to maintain its sidewalks in safe condition against the operation of such elements.
Sand v. City of Little Falls, 237 Minn. 233, 55 N.W.2d 49, 52
(1952). The growth of the tree root here was an act of nature, not of the abutting landowner. The landowner had no control over this act and owed no duty concerning it. Schreppler v. Mayor,52 Del. 178, 154 A.2d 678, 680 (1959); Rose v. Slough, 92 N.J.L. 233,104 A. 194, 196 (1918).
The cases from other jurisdictions relied upon by the plaintiff are not in point. Mintzer v. Hogg, 192 Pa. 137,43 A. 465 (1899), states that it is the law of Pennsylvania that, "It is the primary duty of property owners along a street to keep in proper repair the sidewalk in front of their respective properties." Id. at 466. This is not, as discussed above, the law of Connecticut. Nor is it the law of Connecticut that, as the Supreme Court of New Jersey has recently held, the owners of commercial property are responsible for maintaining sidewalks in front of their property. Stewart v. 104 Wallace Street, Inc.,87 N.J. 146, 432 A.2d 881 (1981). Thus in New Jersey, commercial property owners are responsible for damage done to adjoining sidewalks by tree roots growing from their property. Learn v. City of Perth Amboy, 245 N.J. Super. 577, 586 A.2d 327 (1991). But this is a result of their status as owners of commercial property and not of their status as owners of trees. Id. at 330. In any event, the abutting property involved in this case is not commercial property, and the question of whether the law of Connecticut ought to be modified along Stewart principles simply does not arise.
The claim of nuisance against the Machados has no basis in Connecticut law. Because the Waterbury ordinances relied upon in the plaintiff's "statutory" claim are consistent with the common law in requiring an affirmative act of the abutting landowner, that claim is unfounded as well. In Connecticut, under the circumstances of this case, the animus of the tree is not to be attributed to its owner.
The motion of Olsado and Maria Machado for summary judgment is granted. CT Page 10119
Dated at Waterbury this 4th day of December, 1991.
JON C. BLUE JUDGE OF THE SUPERIOR COURT