**Dorothy E. YACUCCI and Philip J. Yacucci, Plaintiffs,**

v.

**Anne Blackstone TENHOOPEN and Margaret Blackstone Walser, Defendants and Third–Party Plaintiffs,**

v.

**CITY OF WILMINGTON, Third–Party Defendant.**

Superior Court of Delaware, New Castle County.

Submitted: Sept. 18, 1987.
Decided: Feb. 22, 1988.

Defendants' Motion for Summary Judgment. Granted.

Leonard L. Williams and Wagner D. Jackson, Wilmington, for plaintiffs.

Colin M. Shalk of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendants and third-party plaintiffs.

BALICK, Judge.

This is an action claiming damages for personal injury. Dorothy E. Yacucci was injured when she slipped and fell on loose cement on a public sidewalk. The abutting landowners have moved for summary judgment on the ground that they do not owe a duty to the public to repair a defect in the sidewalk, in the absence of a statute or ordinance to the contrary. *Massey v. Worth*, Del.Super., 197 A. 673 (1938); *Schreppler v. Mayor & Council of Town of Middletown*, Del.Super., 154 A.2d 678 (1959).

There is nothing in the record to suggest that the defendants created a dangerous condition on the sidewalk. Assuming that a predecessor in title installed the cement sidewalk, the plaintiff has cited no authority that the defendants would have a duty to maintain the sidewalk in repair, in the absence of a statute or ordinance imposing such a duty.

■ Before adoption of the Wilmington Home Rule Charter, a state statute relating to Wilmington was held to impose a duty on abutting landowners to repair sidewalks without notice from the City to do so. *Jackson v. Moss*, Del.Super., 248 A.2d 716 (1968). However, the ordinance enacted pursuant to the charter only requires abutting landowners to repair sidewalks upon notice to do so from the Department of Licenses and Inspections. 2 Wilm.C. § 45–15. I conclude that the ordinance enacted after adoption of the home rule charter has superseded the preexisting state statute on the duty of abutting landowners to repair sidewalks.*

The home rule enabling statute permits qualifying municipal corporations to assume all powers which would be competent for the General Assembly to grant by specific enumeration. 22 *Del.C.* § 802. Pursuant to this enabling statute, the Wilmington Home Rule Charter gives the city "all express and implied powers and authority of local self-government and home rule, which, under the Delaware Constitution, it would be competent for the General Assembly to grant to the city by specific enumeration and which are not denied by general statute ..." 1 Wilm.C. (Charter) § 1–101. The charter establishes the Department of Public Works to exercise the municipal function of regulating public streets and sidewalks. 1 Wilm.C. (Charter) § 5–400(a).

The city ordinance enacted pursuant to the charter deals with the same subject as the preexisting state statute. Insofar as it requires abutting landowners to repair sidewalks only upon notice to do so from the Department of Licenses and Inspections, the ordinance is inconsistent with the statute, as interpreted in *Jackson v. Moss*, *supra*. Moreover, the statute provides that the abutting landowners "shall be solely responsible for any damage that may result to persons or property by reason of ... any defective condition ...," but the ordinance does not have a similar provision. Cf. *Burns v. Boudwin*, Del.Supr., 282 A.2d 620 (1971).

■ The purpose of the home rule enabling statute is to empower municipalities to exercise local sovereignty. The home rule enabling statute expressly prohibits any charter amendment in contravention of any general statute of the state. 22 *Del.C.* § 835(a)(2). This implies that the charter and ordinances enacted pursuant to the charter may contravene preexisting local or special statutes. The Home Rule Charter itself says that "it shall supersede all statutes or parts of statutes, local or special and all ordinances or regulations of the city, affecting the organization, government and powers of the city to the extent that they are inconsistent or in conflict with this Charter." 1 Wilm.C. (Charter) § 10–101. Since the preexisting state statute in question is an act of local application, it is a special and not a general law. 73 Am Jur2d, Statutes, § 7.

It would be inconsistent with the purpose of the home rule enabling statute to hold that a municipality exercising home rule power may not enact an ordinance inconsistent with a preexisting state statute of local application. See McQuillin, Mun Corp

---

* The statute and the ordinance are quoted in the appendix to this opinion.

§ 15.20 (3rd Ed). Moreover, the statute was not included in that part of the Wilmington City Code consisting of "selected general and special laws and parts of laws applicable, at the time of codification, to the city which, in the opinion of the city solicitor, were not repealed or superseded by the Charter of the city...." 1 Wilm.C. § 1–1, Editor's Note.

For the above reasons, I hold that the state statute in question has been superseded by the ordinance enacted pursuant to Wilmington's Home Rule Charter. Under the governing ordinance, the defendants did not have a duty to repair the public sidewalk where the plaintiff fell, in the absence of notice to do so. I will therefore grant the defendants' motion for summary judgment.

## APPENDIX

145. Sec. 145. FOOTWAYS BETWEEN CURBSTONE AND BUILDING LINE; PRIVILEGES OF OWNERS; DEPARTMENT MAY PAVE OR REPAIR; ASSESSMENT OF EXPENSE; RESPONSIBILITY FOR DAMAGES; PROVISO:—The Street and Sewer Department shall have full power and authority to compel the paving and repairing of footways between the curbstone and the building line in front of lots whereon is erected any dwelling-house, office, place of business, railing, fence, stone or brick wall, or permanent structure of any kind, also in front of such vacant lots as in their discretion should be paved to the full breadth as aforesaid, and to regulate and prescribe the mode of paving or repairing footways and the material to be used therein. The space between the curb and building lines on footways where, in the discretion of the Street and Sewer Department, the owner may not be obliged to pave to a greater breadth than five feet, shall be covered with gravel to the depth of at least six inches and leveled in conformity with the part that is paved. Provided, however, that any person owning land on any street who may desire to fix curb stones in front of their property may have the privilege of purchasing and fixing the same under the supervision of the Street Commissioner upon application to the Street and Sewer Department, and the Street and Sewer Department may grant or refuse any such application, in its discretion.

The Street and Sewer Department may, however, at its option, pave or repair any footway of the City, and the expense of paving or repairing the same shall be assessed against the premises fronting on said footway, and shall constitute a lien against such premises.

The method of assessment and such proceedings as may be had thereon, shall be the same, as far as may be, as now provided by law in regard to paving and curbing footways in Section 141 of this act. The owner of any premises fronting upon any footways, shall be solely responsible for any damage that may result to persons or property by reason of any hole, excavation or obstruction in or upon such footways, or from any defective condition of such footways; provided however, that such hole, excavation or obstruction or other defective condition of the footways aforesaid is not caused by the City or any of its authorized agents....

17 Del.Laws, Ch. 207, 121; 18 Del. Laws, Ch. 663, 1; 28 Del.Laws, Ch. 110. Rev.Code Wilm (1942) § 145.

Sec. 45–14. Duty of abutting property owners to repair sidewalks and curbs.

Every sidewalk or footway between the curb stone and the building line, and every curb, along any of the public streets in the city, in front of lots whereon is erected any dwelling house, office, place of business, railing, fence, stone or brick wall, or permanent structure of any kind, or in front of such vacant lots as shall have been paved, which shall become uneven or in which there shall be holes caused by the wear or removal of the material of which it is composed or in which there shall be depressions or in which there shall be loose bricks or loose material or which shall become broken or thrown into ridges or forced out of normal position by trees, tree roots, frost or

other means, or which shall be unfit for use as a footway or sidewalk or curb by reason of being covered with weeds, mud, dirt, filth or other objectionable matter or which shall be out of proper condition from any cause, natural or artificial, shall be declared to be a nuisance, and the owner of any property or ground abutting on such defective sidewalk or footway, or curb, or the authorized agent of such owner, shall repair or cause to be repaired such defective sidewalk or footway or curb within twenty (20) days from the date of written notice to do so from the department of licenses and inspections.

Failure on the part of the owner to comply with the terms of the notice within the time provided therein shall authorize the department of licenses and inspections to cause the work to be done and to charge the expense of doing the work to the owner where sidewalk repair or paving or curb repair or replacement was required. Such charge shall be and constitute a lien upon the property in the same manner, to the same extent and with the same priority as is now or may hereafter be provided by law with regard to paving, curbing or repairing within the city. (Sub. No. 1 to Ord. No. 86–082, § 1, 10–16–86) 2 Wilm.C. § 45–14.