**Emma ECK and Edward Eck, Plaintiffs Below, Appellants.**

v.

**BIRTHRIGHT OF DELAWARE, INC., and Catholic Diocese Corporation, Defendants Below, Appellees,**

v.

**Lee SPARKS, IV and Joan Marsh Sparks, his wife, and Joseph T. Chickadel, and Micheline R. Chickadel, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: March 14, 1989.

Decided: April 11, 1989.

Karen R. Lines, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendants Birthright of Delaware, Inc. and Catholic Diocese Foundation.

James F. Kipp, Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, for plaintiffs Lee Sparks, IV and Joan Marsh Sparks, his wife, and Joseph T. Chickadel, and Micheline R. Chickadel.

Kenneth M. Roseman, and Jeffrey P. Wasserman, Ciconte & Roseman, Wilmington, for plaintiffs.

Before HORSEY, MOORE and HOLLAND, JJ.

---

PER CURIAM:

Plaintiffs, Emma and Edward Eck, brought two actions in Superior Court alleging that Emma was injured when she tripped and fell over a defect in the public sidewalk abutting the defendants' properties at 1311 and 1313 N. Scott Street, Wilmington, Delaware. Defendants argued in their motions for summary judgment that they were not liable for injuries resulting from their failure to repair a defect in the sidewalk which they did not cause. Superior Court granted defendants' motion for summary judgment.

On appeal, plaintiffs initially argued that 18 *Del.Laws*, c. 663 (1889) obligated the defendants to repair the sidewalk. Accordingly, the defendants were liable for Emma's injuries because they failed to mend the defective sidewalk. However, plaintiffs now concede in their supplemental memorandum that this Court's decision in *Yacucci v. Tenhoopen*, Del.Supr., 550 A.2d 36 (1988), *aff'g* Del.Super., 550 A.2d 327 (1988), releases the defendants from any duty to repair the defective sidewalk under the 1889 statute because that statute does not apply to the City of Wilmington.

Plaintiffs now argue that this Court should adopt the "modern trend" of imposing liability on an abutting landowner for a pedestrian's injuries from a defective sidewalk even in the absence of a statutory duty of the owner to repair. *See, e.g., Stewart v. 104 Wallace St.*, N.J.Supr., 87 N.J. 146, 432 A.2d 881 (1981); *see also Restatement (Second) of Torts* § 363 (a possessor of land in an urban area is liable for injuries that are caused by either a natural or artificial condition on an abutting public sidewalk).

 The long-standing rule in Delaware, however, has been that an abutting landowner is not liable to pedestrians injured as a result of defects in a sidewalk, absent a statutory mandate to repair or prove that the landowner caused the defects. *Schreppler v. Mayor of Middletown*, Del.Super., 154 A.2d 678 (1959);

*Massey v. Worth*, Del.Super., 197 A. 673 (1938); *see Yacucci v. Tenhoopen, supra.* We decline to reverse this line of cases. Under this settled Delaware law, Superior Court was required to grant defendants' motion because, as a matter of law, defendants did not have a duty to repair the public sidewalk abutting their properties absent notice from the Department of Licenses and Inspection, 2 *Wilm. C.* § 45–15, and because plaintiffs produced no evidence that the defendants caused the defects.

\* \* \*

Affirmed.