# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LARRY WASHINGTON,              )
                              )
             Plaintiff,        )
                              )
      v.                       )  C.A. No. N18C-06-189 CEB
                              )
SARAH PERRINE,                 )
                              )
             Defendant.        )

Submitted: April 5, 2021
Decided: April 27, 2021

## MEMORANDUM OPINION

*Defendant Sarah Perrine's*
*Second Motion for Summary Judgment.*
**GRANTED.**

Bayard J. Snyder, Esquire, SNYDER & ASSOCIATES, P.A., Wilmington, Delaware. Attorney for Plaintiff.

Matthew E. O'Byrne, Esquire, CASARINO CHRISTMAN SHALK RANSOM & DOSS, P.A., Wilmington, Delaware. Attorney for Defendant.

**BUTLER, R.J.**

## FACTUAL AND PROCEDURAL BACKGROUND

In late September 2017, the Plaintiff was riding a motor scooter towards his residence at 3841 Evelyn Drive, located in an unincorporated area of New Castle County.[1] A vehicle drove up behind Plaintiff, causing the Plaintiff to swerve up onto the sidewalk adjacent to Defendant's home.[2]

Plaintiff hit an uneven section on the sidewalk.[3] The scooter's front wheel stopped abruptly and Plaintiff was thrown forward off the scooter.[4] Plaintiff landed on tree roots.[5] Plaintiff suffered numerous injuries and has filed suit against Defendant, the landowner abutting the sidewalk on which he was injured.[6]

## ISSUES RAISED

Defendant moved for summary judgment, arguing that Plaintiff was negligent when he chose to drive his motorized scooter onto a sidewalk he knew was defective, and did so in violation of motor vehicle statutes 21 *Del. C.* § 4198N(a) and (c). Defendant claimed that this was contributory negligence and Defendant is therefore entitled to summary judgment. Plaintiff responded that contributory negligence was a fact question.

---

[1] Def.'s Mot. for Summ. J. Ex. A, ¶¶ 3-4.
[2] *Id.* at Ex. C, 129:1-3.
[3] *Id.* at Ex. A, ¶ 5.
[4] *Id.*
[5] *Id.* ¶ 7.
[6] *Id.* ¶¶ 7-8.

After argument, the Court asked the parties for further briefing concerning the Defendant's duty, if any, to maintain the sidewalk in good repair. The parties dutifully briefed this issue and the Court finds that this issue is indeed case dispositive.

## STANDARD OF REVIEW

The Court will grant summary judgment where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] The moving party bears the initial burden of showing that the undisputed facts make judgment appropriate.[8] If the burden is satisfied, the burden shifts to the non-moving party to demonstrate that there are material issues of fact that must proceed to trial.[9]

## ANALYSIS

The Plaintiff's theory of the case begins with the proposition that the Defendant is liable for the cracked sidewalk adjoining Defendant's property. Not surprisingly, this is not the first Plaintiff to make a claim for damages resulting from a sidewalk mishap.

While we might reach even further back, since at least 1938, Delaware courts have ruled consistently that "in the absence of a statute or ordinance changing the

---

[7] Super. Ct. Civ. R. 56(c).
[8] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[9] *See Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

rule, an abutting owner is not liable for injuries resulting from his failure to repair a defect in a sidewalk which he has not caused."[10] The 1959 *Shreppler v. Mayor and Council of City of Middletown*[11] opinion involved a claim that tree roots on the property adjoining the sidewalk caused Mrs. Shreppler to trip on the sidewalk. The Court held that in the absence of a statute or "special situation" imposing a duty on the abutting landowner, one is not liable for injuries caused by defects in the sidewalk abutting their land. As to the tree roots, the Court said, "they were Nature's work concerning which the landowner had no duty."[12]

Some 50 years later, *Eck v. Birthright of Delaware*,[13] was another lawsuit against an abutting landowner over a defective sidewalk. The Delaware Supreme Court, recognizing the "settled Delaware law" that refused to impose liability on adjoining landowners, specifically refused to adopt the "modern trend" and affirmed the judgment that there was no liability for the defendant landowner.[14]

---

[10] *Massey v. Worth,* 197 A. 673, 675 (Del. Super. 1938) (citing Cooley on Torts § 452 (4th ed. 1932); Elliott on Roads and Streets § 898; *Hanley v. Fireproof Bldg. Co.*, 186 N.W. 534, 535 (Neb. 1922)).
[11] 154 A.2d 678 (Del. Super. 1959).
[12] *Id.*at 680 (citing *Sand v. City of Little Falls*, 55 N.W.2d 49, 52 (Minn. 1952); *Winston v. Hansell*, 325 P.2d 569, 471 (Cal. Dist. Ct. App. 1958); *Rose v.Slough*, 92 N.J.L. 233, 236 (N.J. 1918)); *accord Davis v. Golden*, 1992 WL 114115, at *1 (Del. Super. May 15, 1992) (no liability for the alleged heaving of underground water lines that caused a crack in the sidewalk).
[13] 559 A.2d 1227 (Del. 1989).
[14] *Id.* at 1228.

As against the remarkably consistent case law, Plaintiff argues that after the incident giving rise to this claim, the homeowner's insurance company insisted that she repair the sidewalk. But Plaintiff is unable to advance his argument further. Not only is the repair not at issue in the litigation (perhaps if repairs had been undertaken negligently, there would be more to think about), but also "subsequent remedial measures" by the landowner may well be inadmissible at trial in any event.[15]

Likewise, Plaintiff's protestations that the homeowner was aware of the problematic sidewalk and that it was used by neighbors on scooters is unavailing. Plaintiff says such evidence may show a "conscious indifference" to the plight of those transiting the sidewalk. But indifference – conscious or otherwise – is not the same as a duty to make the sidewalk safe. Indeed, Defendant has appended the property description, showing that the sidewalk was not even part of the demised premises to which she was deeded.

Finally, Plaintiff argues that it is the Defendant's burden to prove the absence of a duty to repair the sidewalk, thus making the existence of a duty a fact question that survives summary judgment. To the contrary, the existence of a duty by the defendant is a core requirement of a tort plaintiff's proof. Plaintiff's failure to demonstrate such a duty cannot mean that Defendant must prove its absence at trial. Rather, it is the Court's "duty" to grant judgment to the defense.

---

[15] *See* D.R.E. 407.

Accordingly, Defendant's second motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge