# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONNA FLEISCHMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. S17C-08-022 MHC |
| | ) | |
| BLUE SURF CONDOMINIUM, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE SURF CONDOMINIUM | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## OPINION AND ORDER

Submitted: December 22, 2021
Decided: February 8, 2022

*Upon Third-Party Defendant's Amended Motion for Summary Judgment,*
**GRANTED IN PART; DENIED IN PART.**

Phillip T. Edwards, Esquire, Murphy & Landon, P.A., Wilmington, Delaware. *Attorney for Plaintiff.*

Nicholas E. Skiles, Esquire and Shae Chasanov, Esquire, Swartz Campbell, LLC, Wilmington, Delaware. *Attorney for Defendant/Third-Party Plaintiff.*

Lisa M. Grubb, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., Wilmington, Delaware. *Attorney for Third-Party Defendant*

**CONNER, J.**

# INTRODUCTION

This personal injury action arises out of an incident in which Plaintiff Donna Fleischmann ("Fleischmann") allegedly fell on a public sidewalk as she exited a private property in Bethany Beach, Delaware. Fleischmann contends that Defendant Blue Surf Condominium, LLC ("Blue Surf, LLC") negligently caused her fall-related injuries.

Blue Surf, LLC filed a motion for summary judgment, which was denied. Blue Surf, LLC then filed a third-party complaint against Blue Surf Condominium Association (the "Association"), alleging that negligence by the Association should entitle Blue Surf, LLC to contribution and/or indemnification from the Association. The Association moved for summary judgment, which was later amended so that Blue Surf, LLC could join. For the reasons that follow, the Association's amended motion for summary judgment is **GRANTED** as to the Association and is **DENIED** as to Blue Surf, LLC.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 2016, Fleischmann ate at Grotto Pizza at 98 Garfield Parkway, Bethany Beach, Delaware.[1] The restaurant was located inside of the Blue Surf Condominium & Shops (the "Property"), which is owned in fee simple absolute by Blue Surf, LLC.[2] After eating at Grotto Pizza, Fleischmann exited the Property by descending an exterior staircase connecting the restaurant to the public sidewalk.[3] Fleischmann's foot allegedly landed in a kidney-sized hole in the sidewalk near the bottom of the stairs, causing her to fall and sustain injuries.[4]

On August 28, 2017, Fleischmann filed this negligence action against Blue Surf, LLC. In its answer, Blue Surf, LLC denied any negligence. Blue Surf, LLC moved for summary judgment on March 15, 2019, contending that it owed no duty to Fleischmann. Specifically, Blue Surf, LLC argued that it had neither a duty to repair the alleged defect in the sidewalk nor a duty to warn Fleischmann of the alleged defect. Fleischmann unsurprisingly opposed Blue Surf, LLC's motion for summary judgment. In the April 8, 2019, Letter Opinion in this case, this Court

---

[1] *Fleischmann v. Blue Surf Condo., LLC*, 2019 WL 1553643 (Del. Super. Apr. 8, 2019), *rearg. denied*, 2019 WL 2514820 (Del. Super. June 18, 2019).
[2] *Id.;* 3d-Party Def.'s Reply to Pl's Opp'n to 3d-Party Def.'s Am. Mot. Summ. J., D.I. 71, Ex. 1, at p. 1, 45.
[3] Pl.'s Opp'n to 3d-Party Def.'s Mot. Summ. J., D.I. 70, ¶¶ 2-3; *see also* Def.'s Mot. Summ. J., D.I. 24, Ex. C.
[4] *See* Pl.'s Opp'n to 3d-Party Def.'s Mot. Summ. J., D.I. 70, Ex. C, p. 19; *see also* Compl., D.I. 1, ¶7.

granted summary judgment on the duty to repair issue.[5] It was determined that Blue Surf, LLC did not have a duty to repair the sidewalk because i) Blue Surf, LLC did not cause the defect, and ii) there was no statutory duty to repair the sidewalk.[6] Summary judgment was denied on the duty to warn issue because i) the close proximity of the defect to the Property implicated the duty to provide safe ingress and egress, and ii) it was unclear to the Court whether the defect was open and obvious.[7] Blue Surf, LLC filed a motion for reargument, which was denied through the June 18, 2019, Letter Opinion.[8]

On July 31, 2019, Blue Surf, LLC filed a third-party complaint against the Association alleging that in the event Fleischmann prevails in the present action, Blue Surf, LLC is entitled to contribution and/or indemnification from the Association. Blue Surf, LLC claimed that it had no duty to maintain the exterior steps in question. Rather, according to Blue Surf, LLC, the Association was responsible for the maintenance of the Property's common staircases and ingress and egress because the Blue Surf Condominium Code of Regulations places responsibility on the Association for maintenance and repair of the common elements throughout the property.

---

[5] *Fleischmann*, 2019 WL 1553643, at *1–2.
[6] *Id*. at *1.
[7] *Id.*
[8] *Fleischmann*, 2019 WL 2514820, at *3.

On February 20, 2020, the Association filed a third-party answer and crossclaim denying the allegations levied against it and alleging that in the event that the Association is found liable, it is entitled to contribution and/or indemnification from Blue Surf, LLC. On February 24, 2020, Blue Surf, LLC filed an answer to the Association's crossclaim denying the crossclaim allegations.

On August 27, 2021, the Association moved for summary judgment, which was later amended so that Blue Surf, LLC could join. In the Association's amended motion for summary judgment, the association acknowledged that it controlled the exterior stairs adjacent to the allegedly defective sidewalk at the time of the incident in question. Fleischmann filed a response opposing the Association's motion on September 30, 2021. Related oral argument took place on December 16, 2021.

## PARTY CONTENTIONS

In its amended motion for summary judgment, the Association contends i) it did not have a duty to warn of the hole in the sidewalk because it was an open and obvious danger, and ii) it had no duty to repair or maintain the sidewalk. As a result,

the Association claims that neither the Association nor Blue Surf, LLC can be held liable to Fleischmann in the present action.[9]

At the December 16, 2021, hearing, Blue Surf, LLC cited *Russum v. IPM Dev. P'ship LLC*[10] for the argument that it was absolved of any duty to warn of the defect because the Association had a contractual duty to maintain and care for the staircase in question.

Fleischmann first argues that the exact issues raised in the present motion have been previously addressed by this Court, and therefore these issues should not be relitigated. Fleischmann also contends that Defendants had a duty to provide her with safe ingress and egress, a duty to warn her of the alleged defect and a duty to repair the defect. Additionally, in Fleischmann's view, summary judgment is inappropriate because there was a reasonable issue of material fact as to whether the hole was open and obvious.

---

[9] In addition to the formal filings in this case, Blue Surf, LLC sent a letter to the Court on September 8, 2021, asking the Court to consider *Washington v. Perrine,* 2021 WL 1664125 (Del. Super. Apr. 27, 2021).

[10] 2015 WL 2438748 (Del. Super. May 21, 2015).

**STANDARD OF REVIEW**

A party moving for summary judgment pursuant to Superior Court Civil Rule 56 bears the burden of proving "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] This Court will only grant summary judgment when, after viewing all the evidence in a light most favorable to the nonmoving party, the Court finds no genuine issue of material fact.[12]

**DISCUSSION**

A. Law of the Case

Revising prior determinations may be prohibited by the law of the case doctrine.[13] Notably, this doctrine has been applied when a Superior Court judge retired, and the case was reassigned.[14] "A party seeking to have the Court reconsider the earlier ruling must demonstrate newly discovered evidence, a change of law, or manifest injustice."[15]

To the extent that the present motion pertains to Blue Surf, LLC's duties to repair and warn, those duties will not be modified as those exact issues were the

---

[11] Sup. Ct. Civ. R. 56(c); *see also Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[12] *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).

[13] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995).

[14] *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 894-95 (Del. 2015).

[15] *E.I. du Pont de Nemours & Co.*, 711 A.2d at 55.

7

subject of the April 8, 2019, Letter Opinion denying Blue Surf LLC's motion for summary judgment and the subsequent decision denying reargument.[16] Blue Surf, LLC has made no allegations of newly discovered evidence or manifest injustice. Although Blue Surf, LLC sent a letter to the Court asking the Court to consider *Washington v. Perrine*,[17] which was decided after the Court's previous decisions in this case, *Washington* does not constitute a change in the law. Rather, it is a sound application of the well-established principle that landowners are generally not liable to pedestrians for injuries occurring adjacent to their property.[18] *Washington* does not upset the Court's previous holding that property owners owe a greater duty to business invites than to mere pedestrians.[19]

### B. Duty to Repair

  *i.  The prior duty to repair analysis in this case.*

In analyzing Blue Surf, LLC's duty to repair, this Court applied the rule that "an abutting landowner is not liable to pedestrians injured as a result of defects in a

---

[16] *See Fleischmann*, 2019 WL 1553643, *rearg. denied*, 2019 WL 2514820.
[17] 2021 WL 1664125.
[18] *Id.* at *1–2. In *Washington,* plaintiff was riding a motor scooter on a public roadway, swerved onto the sidewalk and crashed on an uneven portion of the sidewalk abutting defendant's property. Plaintiff and defendant had no special relationship.
[19] *See Fleischmann,* 2019 WL 2514820.

8

sidewalk, absent a statutory mandate to repair or prove that the landowner caused the defects."[20] Under that rule, Blue Surf, LLC had no duty repair the sidewalk.

Although Bethany Beach Town Charter Section 20.3 (the "Charter")[21] requires property owners to pay for sidewalk repair, the Court determined that the Charter did not impose a statutory duty to repair the sidewalk. In the April 8, 2019, Letter Opinion, this Court wrote, "[t]here is a meaningful difference between a 'duty to repair' and a 'duty to pay.' Blue Surf[, LLC] has the latter, not the former."[22] Additionally, Blue Surf, LLC did not cause the defect in the sidewalk. Accordingly, the Court granted the motion for summary judgment on the issue of duty to repair, finding that no such duty existed.

### ii. The Association did not have a duty to repair.

Extending the Court's previous duty to repair analysis to the Association compels the conclusion that the Association had no duty to repair the alleged defect in the public sidewalk. The Court previously determined that the Charter does not impose a statutory duty to repair the sidewalk. Further, there is no evidence that the

---

[20] *Eck v. Birthright of Delaware, Inc.*, 559 A.2d 1227, 1228 (Del. 1989)*; see also Lawson v. Wilmington Coll. of Delaware, Inc.*, 2009 WL 27301, at *2 (Del. Super. Jan. 5, 2009).
[21] Pl.'s Opp'n to 3d-Party Def.'s Mot. Summ. J., D.I. 70, Ex. E, p. 29. Section 20.3 of the Charter states in relevant part, "Whenever the laying, installing or constructing of new sidewalks, curbs or gutters or any or all of them, or replacement or repair of the sidewalks, curbs or gutters of any or all of them have been made, and the cost thereof ascertained, the Town Council shall ascertain the amount that the owner or owners of each parcel of property shall pay as hereinbefore stated, and shall give written notice thereof to said owner or owners."
[22] *Fleischmann*, 2019 WL 1553643, at *1.

Association caused the defect in the sidewalk. Therefore, the Association had no duty to repair.

C. Duty to Warn

i.    *The prior duty to warn analysis in this case.*

In regard to the issue of Blue Surf, LLC's duty to warn, this Court again considered the "long-standing rule in Delaware . . . that an abutting landowner is not liable to pedestrians injured as a result of defects in a sidewalk, absent a statutory mandate to repair or prove that the landowner caused the defects."[23] Additionally, the Court also found guidance from the Delaware Supreme Court's decision in *Wilmington Country Club v. Cowee*, which held that "a property owner owes a business invitee a duty to provide safe ingress and egress, including the duty to warn or protect against hazards on adjacent property."[24]

The Court distinguished the current fact pattern from other negligence cases involving mere pedestrians. Specifically, the Court focused on Fleischmann's status as a business invitee. *Cowee* imposed a duty on Blue Surf, LLC to warn Fleischmann, a business invitee, of hazards on adjacent property.

---

[23] *Eck*, 559 A.2d at 1228*; see also Lawson*, 2009 WL 27301, at *2.
[24] 747 A.2d 1087, 1092 (Del. 2000).

### ii. *The Association did not have a duty to warn.*

*Cowee* clearly imposes a duty on property owners to warn business invitees of hazards on adjacent property. However, *Cowee* does not seem to impose such a duty on non-property owners. Therefore, the Association, a non-property owner, is not burdened with this duty.

### iii. *Russum does not control the analysis of Blue Surf, LLC's duties.*

Even if *Russum* was not excluded from the Court's analysis by the law of the case doctrine,[25] it is distinguishable from the instant matter and does not support summary judgment as to Blue Surf, LLC. *Russum* does not stand for the broad proposition that parties who contract-away control over an entrance area are absolved of liability for defective entranceways. The court in *Russum* stated, "[t]he determinative factor regarding liability of the lessee is the precise *type* of latent defect or danger involved."[26] This is a critical factor because depending on the type of defect involved, a party may be more or less likely to have knowledge of the defect. In *Russum*, the plaintiff slipped and fell on a ramp leading up to the store.[27] The ramp was apparently not outwardly defective. "[T]he opinion of an expert [was] required to make the determination as to a dangerously sloped construction."[28] The

---

[25] *Russum* does not fall under the change in law exception to the law of the case doctrine. It was decided nearly four years before the Court denied Blue Surf, LLC's 2019 motion for summary judgment.

[26] *Russum*, 2015 WL 2438748, at *4.

[27] *Id.* at *1.

[28] *Id.* at *3.

11

store was not involved in the design or construction of the ramp, and control of the ramp was contracted to a different party.[29] In finding that the store did not have knowledge of the defect, and in turn did not have a duty to warn, the court noted that a low-profile ramp defect requiring articulation by an expert was distinct from a more noticeable defect such as loose bricks on the entranceway.[30]

It seems that there is a difference in terms of the noticeability of a kidney-sized hole in the sidewalk and a slope defect that required articulation by an expert. Moreover, the obviousness of the instant defect cannot be resolved at this time, and thus *Russum* does not control.

**CONCLUSION**

The Association had neither a duty to repair the sidewalk nor a duty to warn of the alleged defect. There is no justification for reconsideration of Blue Surf, LLC's duties.

Accordingly, the Association's amended motion for summary judgment is **GRANTED** as to the Association and is **DENIED** as to Blue Surf, LLC.

---

[29] *Id.*
[30] *Id.* at *4.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary