# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NANCY J. SUTER and ) 
GLENN SUTER, her husband, ) 
) 
          Plaintiffs, ) 
) 
     v. )     C.A. No. N22C-06-092 CEB 
) 
TYRONE TAYLOR and STATE OF ) 
DELAWARE, DEPARTMENTOF ) 
TRANSPORATION, ) 
) 
          Defendants. )

Submitted: September 30, 2022
Decided: December 20, 2022

*Upon Consideration of Defendant Tyrone Taylor's Motion to Dismiss,*
**DENIED.**

## ORDER

On this 20th day of December 2022, in consideration of Defendant Tyrone Taylor's motion to dismiss it appears to the Court that:

1. On June 14, 2020, Plaintiff Nancy J. Suter tripped on an uneven portion of a sidewalk in front of a residence at 701 Brandywine Boulevard in Wilmington, Delaware.[1] She fell and suffered injuries.[2] She has sued Defendants Tyrone

---

[1] Compl. ¶ 5, D.I. 1.
[2] *Id.* ¶¶ 7-10.

1

Taylor—the homeowner—and State of Delaware, Department of Transportation. Defendant Taylor has moved to dismiss the complaint.[3]

2.  In a line of cases with fewer cracks than a Wilmington sidewalk, Delaware courts have held that property owners whose land abuts a public sidewalk are not responsible for maintenance or repair of the sidewalk and liability may only attach if they voluntarily undertake such repairs in a negligent manner.[4]  So the issue is quite simple: is this sidewalk on the homeowner's land or not?

3.  In his eagerness to be done with this case, Defendant appended to his motion to dismiss some photographs that may have been taken around the date of the incident.[5]  Defendant has also included some sort of publicly available plot

---

[3] The Department of Transportation is not a party to this motion to dismiss. It has filed a separate motion for summary judgment. *See* Def.'s Mot. for Summ. J., D.I. 14.

[4] *E.g., Massey v. Worth,* 197 A. 673, 675 (Del. Super. 1938) ("[I]n the absence of a statute or ordinance changing the rule, an abutting owner is not liable for injuries resulting from his failure to repair a defect in a sidewalk which he has not caused.") (internal quotation marks omitted); *Shreppler v. Mayor and Council of City of Middletown,* 154 A.2d 678, 680 (Del. Super. 1959) ("[T]he growing and spreading of the roots which caused the sidewalk to become uneven were Nature's work concerning which defendant had no duty."); *Eck v. Birthright of Del.*, 559 A.2d 1227, 1228 (Del. 1989) ("Superior Court was required to grant defendants' motion [for summary judgment] because, as a matter of law, defendants did not have a duty to repair the *public* sidewalk abutting their properties absent notice from the Department of Licenses and Inspection . . . and because plaintiffs produced no evidence that the defendants cause the defects.") (emphasis added); *Washington v. Perrine,* 2021 WL 1664125, at *2 (Del. Super. Apr. 27, 2021) (granting summary judgment for defendant citing the "remarkably consistent case law" on the issue).

[5] Ex. C, Def.'s Mot. to Dismiss, D.I. 12.

diagram of the property lines and sidewalk.[6] All of this makes it evident, according to Defendant, that the sidewalk is not on his property and he therefore has no duty to maintain it.

4. But Plaintiff complains, correctly the Court believes, that appending such materials to a motion to dismiss has the effect of converting the motion to one for summary judgment.[7] Plaintiff wants the ability to contest summary judgment through factual assertions outside the pleadings.[8] That is permitted under Rule 56.[9]

5. None of this is in denigration of the point Defendant makes in his motion. While the plot plan copied off the internet is difficult to discern, and the photographs are not fixed in time, space, or relevance, the tenor of these materials suggest that he had no duty to the Plaintiff that is compensable in damages.

---

[6] Ex. B, Def.'s Mot. to Dismiss, D.I. 12.

[7] *See* Super. Ct. Civ. R. 12(b)(6) (when "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) ("When [a] trial court considers matters outside of the complaint, a motion to dismiss is usually converted into a motion for summary judgment and the parties are permitted to expand the record."); *Lagrone v. Am. Mortell Corp.*, 2008 WL 4152677, at *4 (Del. Super. 2008) ("In determining whether to convert a motion to dismiss to a motion for summary judgment, the court must first consider whether the movant, in fact, has attached or relied upon matters outside the pleadings as contemplated by Superior Court Civil Rule 12(b).") (internal citations omitted).

[8] Pls.' Resp. in Opp'n of Def.'s Mot. to Dismiss ¶¶ 12-13, D.I. 15.

[9] Super. Ct. Civ. R. 56.

6. Pursuant to Rule 12(b)(6) and Rule 56, the Court will treat Defendant's motion to dismiss as one for summary judgment. Defendant should amend the motion to include affidavits as necessary to explain the exhibits attached to his motion to dismiss. Plaintiff may oppose summary judgment by such affidavits or other materials she wishes the Court to consider before ruling on the motion. The parties may confer and stipulate to a scheduling order, or, in the absence of agreement, the Court will impose one.

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge